IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 7:24 cr 780 |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | 28 U.S.C. § 2461(c) |
| JOSEPH F. WALLACE | ) | |
| | ) | INDICTMENT |

1. That beginning in or about December 2022, and continuing until the date of this indictment, in the District of South Carolina, the Defendant, JOSEPH F. WALLACE, did knowingly devise a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, such scheme and artifice and such wire communications being more fully set forth below.

## THE SCHEME AND ARTIFICE

2. It was a part of the scheme and artifice to defraud that JOSEPH F. WALLACE owned and operated YMA Financial which he marketed as a credit repair service.

3. It was a part of the scheme and artifice to defraud that JOSEPH F. WALLACE would direct clients to obtain various credit cards. JOSEPH F. WALLACE would then obtain large cash advances on the new credit cards and the clients' existing credit cards. JOSEPH F. WALLACE promised to hold the cash advances in his bank account and to forward the funds to the clients so they could pay off the balances. Through this process JOSEPH F. WALLACE told clients that they would build credit.

4. It was further part of the scheme and artifice that JOSEPH F. WALLACE did not forward the full amounts to pay off the credit cards. Clients incurred late fees, were saddled with significant balances, and had their credit scores further decline.

5. If was further part of the scheme and artifice that JOSEPH F. WALLACE stole over $273,0000 from his clients.

## COUNTS 1-3

THE GRAND JURY CHARGES:

6. The allegations of paragraphs 1 through 5 of this indictment are alleged herein as setting forth a scheme and artifice to defraud.

7. On each of the dates reflected below, in the District of South Carolina and elsewhere, the Defendant, JOSEPH F. WALLACE, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as described above, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, writings, and sounds, that is cash advances as further set forth below:

| Count | Date | Description |
|---|---|---|
| 1 | 12/13/2022 | A $6,000 transfer from Victim One's Discover credit card to Defendant's Stripe account. |
| 2 | 3/13/2023 | A $20,000 transfer from Victim Two's American Express credit card to Defendant's Stripe account. |
| 3 | 10/20/2023 | A $51,000 transfer from Victim Three's American Express credit card to Defendant's Stripe account. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, JOSEPH F. WALLACE, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to such offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

> Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $273,409.95 and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to his violation of 18 U.S.C. § 1343.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third party;
> c. has been placed beyond the jurisdiction of the court;
> d. has been substantially diminished in value; or
> e. has been commingled with other property which cannot be divided without difficulty.

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A _True_ Bill

REDACTED

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
William J. Watkins, Jr. (Fed. ID # 07863)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: bill.watkins@usdoj.gov