IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 7:24-cr-780 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH F. WALLACE | ) | RESPONSE TO MOTION FOR DISCOVERY |
| | ) | |
| | ) | |

The United States, by and through its undersigned Assistant United States Attorney, responds to the Defendant's motion as follows:

1. Because Wallace consented to the dismissal of the petite jury and the venire, his fair-cross section challenge is moot. There is no relief to be granted. Wallace has successfully delayed the trial of this case, obtained the Government's order of witnesses and exhibits, and the next jury will be picked from a new pool. "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction," Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011) (alteration in original) (internal quotation marks omitted), which extends only to actual cases or controversies, U.S. Const. art. III, § 2. When a case or controversy ceases to exist—either due to a change in the facts or the law—"the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." S.C. Coastal Conservation League v. U.S. Army Corps of Engineers, 789 F.3d 475, 482 (4th Cir. 2015). Put differently, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Therefore, Wallace is not entitled to proceed with discovery in this matter.

2. To the extent this Court rejects the Government's mootness argument, the Government acknowledges that the Supreme Court has interpreted 28 U.S.C § 1867 as granting litigants "essentially an unqualified right to inspect jury lists. . . . Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." Test v. United States, 420 U.S. 28, 30 (1975). Despite recognizing defendants' ability to inspect jury lists under Test, federal courts have uniformly declined to allow unfettered access to all jury-related documents and records. See, e.g., United States v. Diaz, 236 F.R.D. 470, 482 (N.D. Cal. 2006) ("The right to discovery by the Act and Test is not limitless."); United States v. Carlock, 606 F.Supp. 491, 493 (E.D.La.1985) ("the right of access involved here is not without limitations"); United States v. Gotti, 2004 WL 2274712, *6 (S.D.N.Y. Oct.7, 2004) ("Gotti II") (defendant making § 1867(f) request "is not entitled to unencumbered access to juror information").

3. Defendant has submitted a two-page, single-spaced attachment enumerating 18 categories of information desired. Some requests ask for a decade's worth of data. Other requests do not even have that broad limitation and could be interpreted as demanding historical data from the time this judicial district was formed to the present.

4. The Government acknowledges that the production of such data will not tax the resources of the executive branch; however, the burden that Defendant seeks to foist upon the clerk's office (especially at a time when many employees likely have scheduled use-or-lose leave) concerns the undersigned. The undersigned's experience is that the clerk's office typically goes above and beyond what is required when an attorney or judge asks for assistance. Defendant's requests appear unduly burdensome to the clerk's office and overbroad.

5. Because the Defendant seeks the information from the judicial branch and the undersigned is not in possession of the material and thus can give no estimate of the time required to produce the data, the amount of data in existence, etcetera, the undersigned is not in a position to offer specific boundaries or limitations on the discovery requests.

6. The Government urges the Court to exercise its supervisory power over this matter in close consultation with the clerk's office to ensure that the staff members who will be tasked to gather information for the Defendant are not overwhelmed and unduly burdened beyond what the statute requires.

                    Respectfully submitted,

                    BRYAN P. STIRLING
                    United States Attorney

               By: *s/William J. Watkins, Jr.*
                    William J. Watkins, Jr. (#7863)
                    Assistant U.S. Attorney
                    55 Beattie Place, Suite 700
                    Greenville, SC 29601
                    864-282-2100
                    Bill.Watkins@usdoj.gov