IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR/A No. 7:24-cv-00780-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| JOSEPH F. WALLACE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion for Discovery in Anticipation of a Fair Cross-Section Challenge. ECF Nos. 128, 137. The Government filed a response in opposition. ECF No. 138.

## I. BACKGROUND

On Monday, November 10, 2025, in accordance with the District of South Carolina's (the "District") Amended Jury Selection Plan, counsel for Defendant received "[n]ames drawn from the qualified jury wheel for petit juries and completed questionnaires." ECF No. 128 at 5. At that time, the jury panel consisted of 137 people, eight of whom identified as Black/African American, making up 5.8% of the panel. After counsel for Defendant and the Government submitted strikes for case, of which one applied to a member of the panel who identified as Black/African American, the panel was reduced to 52 people. *Id.* After the jury panel was reduced to 52 people, only one of those who identified as Black/African American remained, making up 1.9% of the panel. *Id.* at 6.

On November 18, 2025, jury selection was held. Prior to jury selection beginning, Defendant raised the issue of a Sixth Amendment challenge and counsel for Defendant

reserved the right to pursue such a challenge. Defendant agreed to proceed with jury selection as scheduled, and the Court granted Defendant leave to file an appropriate motion regarding a Sixth Amendment challenge, if he so chose, by November 21, 2025. Twelve jurors and two alternates were selected from the panel. Trial was set to begin on December 1, 2025.

On November 21, 2025, Defendant filed his Motion for Discovery. ECF No. 128. Specifically, Defendant stated he challenged the jury panel in his case and moved "the Court to provide discovery on the District's jury selection process to determine whether Black people were systematically excluded in the jury-selection process." *Id.* at 1, 12, 13–14. On November 24, 2025, and November 25, 2025, the Court held telephone status conferences with counsel and Defendant, respectively, seeking clarification on the potential impact of this Motion on trial and also seeking clarification on the exact nature of Defendant's challenge and what discovery was sought. ECF Nos. 130, 132. Counsel for Defendant clarified that Defendant's challenge was only to this selection of the jury panel in his case. She also submitted questions to provide clarification on what she sought in her discovery requests. Based upon the Court's review of these questions and counsel's clarifications, the Court found that the Motion could not be resolved in time for trial to go forward as scheduled and the jury was dismissed. ECF No. 132.

On December 1, 2025, a hearing was held before the Court to discuss the status of Defendant's Motion. ECF No. 135. At this hearing, Defendant again clarified that his challenge to jury selection was only as to whether the jury panel in his case represented a fair cross-section of the community. Based on Defendant's representations at the status conference, the Court directed Defendant to either withdraw or refile his Motion or file a

supplement to his Motion, advising the Court advise the Court of (i) "the exact nature of his challenge and tailor his discovery request to specifically detail what documentation and data is sought", and to (ii) "indicate whether he believes any depositions need to be taken in relation to his motion." ECF No. 135. Defendant filed a supplement to his Motion on December 4, 2025. ECF No. 137. In his supplement, Defendant clarified that his potential Sixth Amendment challenge would arise out of the jury selection process that created the original panel of 225 people in his case and the process that created the panel of 52 people from which the jury in his case was selected. *Id.* at 4. Attached to Defendant's Motion, Defendant included a list of eighteen categories of records and information that he seeks to support his potential challenge. ECF No. 137-2 at 2–3. On December 16, 2025, the Government filed its response in opposition. The Motion is now fully briefed and ripe for review.

## II. APPLICABLE LAW

The Fifth and Sixth Amendments to the United States Constitution "secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross-section of the community." *See, e.g. Berghuis v. Smith*, 559 U.S. 314, 319 (2010); *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). Under the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861 *et seq.* (the "JSSA"), "all litigants in the Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The JSSA further recognizes a federal policy that all citizens shall have the opportunity to be considered for service on grand and petit juries in federal district courts, and the obligation to serve as jurors when summoned for that

purpose. *Id.* Defendants who suspect noncompliance with the JSSA "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

To facilitate a defendant's challenge under the JSSA, the JSSA provides:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion to dismiss [the indictment on the ground of substantial failure to comply with jury selection procedures] .... The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

28 U.S.C. § 1867(f). The Supreme Court of the United States has interpreted this section to provide litigants with "essentially an unqualified right to inspect jury lists." *Test v. United states*, 420 U.S. 28, 30 (1975). In *Test*, the Supreme Court reasoned that, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.* Therefore, the Court concluded that not only does the plain text of the statute grant an unqualified right to inspection of jury-selection procedures, but so too does "the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross-section of the community.'" *Id.* (quoting 28 U.S.C. § 1861). Despite recognizing a defendant's near absolute right to inspect jury lists under *Test*, federal courts have declined to allow unfettered access to all jury-related documents and records. *See, e.g.*, *United States v. Fitzgerald*, No. 1:17-CV-00506, 2021

WL 1206556 (D. Md. Mar. 31, 2021); *United States v. Salad*, No. 2:11CR34, 2012 WL 12953820 (E.D. Va. Nov. 21, 2012); *United States v. Rice*, 489 F. Supp. 2d 1312 (S.D. Ala. 2007). While a defendant has the right to inspect jury lists and selection procedures, by its own terms, § 1867(f) of the JSSA limits discovery to only those records "used by the jury commission or clerk in connection with the jury selection process" and "necessary in the preparation or presentation of a motion" challenging compliance with the JSSA. *See* 28 U.S.C. § 1867(f). Thus, under the JSSA, only those documents and records that are reasonably necessary for preparation of a Motion under the JSSA must be produced, and the JSSA does not authorize access to documents or papers that are not relevant to the defendant's challenge. *See id.*

### III. DISCUSSION

As an initial matter, the Government argues that because Defendant consented to the dismissal of the petit jury and venire, his fair cross-section challenge is now moot. ECF No. 138 at 1. The Court agrees that any challenge specifically to the selection of the jury that occurred on November 18, 2025, is now moot since the jury selected from that panel has been discharged. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). However, as addressed in the hearing before the Court on December 1, 2025, because the questions raised by Defendant about how the panel came to be and the potential for repetition of any improper mechanism in a future jury selection for this case, the Court finds that there are issues before the Court that still present a live controversy and must be addressed before a new panel is drawn in this case. *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007)

(recognizing disputes capable of repetition, yet evading review are an established exception to mootness and that this exception applies where "there is a reasonable expectation that the same complaining party will be subject to the same action again" (citing *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)). In light of the expansive rights of the party to seeking jury information, as guaranteed by statute, the Court finds that, in an abundance of caution, Defendant's challenge should proceed at this juncture.

Accordingly, the Court turns its analysis to Defendant's requests for discovery. Balancing Defendant's expansive rights to review jury selection information under *Test* with the JSSA's imposed limitation on such discovery to only that which is necessary to support the defendant's particular jury selection challenge, the Court addresses each of Defendant's requests on a category-by-category basis below.

1. Request One – The Jury Selection Plan

This request is **DENIED AS MOOT**. The District has adopted the Amended Jury Selection Plan for the Random Selection of Grand and Petit Jurors (As approved May 30, 2024) (the "Jury Selection Plan"). The Jury Selection Plan is the plan currently in effect and was the plan in effect at the time trial jurors were summoned in this case. The Jury Selection Plan is already publicly available and posted to the Court's website. *See In the Matter of AMENDED JURY SELECTION PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS,* U.S. District Court for the District of South Carolina, https://www.scd.uscourts.gov/StandingOrders/Jury/Jury_Selection_Plan.pdf (Oct. 4, 2024). Because The Jury Selection Plan is publicly available, Defendant's request is denied as moot.

6

2. Request Two – AO-12 Form for this Case

This request is **GRANTED IN PART AND DENIED IN PART**.  As an initial matter, throughout Defendant's discovery requests, he repeatedly refers to both the "district" and the "division."  Because Defendant's challenge is only as to his case and his case took place in Area A of the District,[1] the Court finds he is only entitled to information related to Area A, not to information from the entire District.  Information from Area A is all that is necessary to support Defendant's challenge, and district-wide information is not relevant.  Accordingly, to the extent that this request seeks information for the entire District, as opposed to just Area A, Defendant's request is denied.

Additionally, the Clerk's Office has advised the Court that the AO-12 form initially created was incorrect because it included portions of the population as potential jurors that should not have been included due to citizenship status.  On November 25, 2025, the Clerk's Office received updated census information, which removed non-citizens.  Accordingly, the Clerk's Office will produce the AO-12 form that includes the accurate information as well as the memorandum from the Administrative Office, which indicates that prior census information was inaccurate.

3. Request Three – AO-12 Forms from the Last Ten Years

This request is **DENIED**.  This request is overbroad and not relevant to Defendant's challenge, which seeks only to review the jury selection process in his case.  With this request, Defendant would have the Clerk's Office furnish him with information for each person who has been called for jury duty in the last decade.  Neither the JSSA nor

---

[1] Area A is comprised of Anderson, Greenville, Greenwood, and Spartanburg divisions.  Defendant's case was brought in the Spartanburg division.

7

intervening case law support this expansive request, especially here where Defendant's challenge is narrowly tailored. All that matters is whether the selection process applied indicates that the jury selected in this action was in compliance with the JSSA, and the Court finds that the AO-12 forms from the last ten years are not necessary to address this narrow issue.

4. Request Four – Statistical or Demographic Analyses to Ensure Compliance in this Case

This request is **GRANTED IN PART AND DENIED IN PART**. The Clerk's Office indicates that a race-gender data report was generated in anticipation of jury selection in this case. This information shall be produced to Defendant. However, to the extent Defendant's request seeks underlying data that is provided to the District by a political subdivision of the state, e.g., the South Carolina Election Commission, this information is exclusively within the purview and control of that political subdivision. Accordingly, this information shall not be produced by the Court.[2]

5. Request Five – Document or Data Detailing When Master Jury Wheel Used in this Case was Refilled

This request is **GRANTED**. Based on the nature of information sought by Defendant in his request, the Court interprets Defendant's requests for document or data as an interrogatory request seeking when the Master Jury Wheel was refilled.

---

[2] The Court notes that it does not believe that underlying data, or raw data, pertaining to juror information, such as the original source list, is necessary to support Defendant's fair cross-section challenge, particularly given the other demographic information provided here. However, if after review of the information produced the Clerk's Office, Defendant still believes that this information is necessary, Defendant may pursue production of this information from the appropriate entities.

Accordingly, the Clerk's Office may respond to this request in the form of an interrogatory response. The Court notes that the Clerk's Office indicates that the Master Jury Wheel used in this case was refilled when the Jury Selection Plan was updated in 2024.

6. <u>Request Six – Document or Data Detailing Calculation to Ensure Proportional Representation from Each County within Each Division</u>

This request is **GRANTED IN PART**. As outlined above, Defendant is entitled to information only as it pertains to Area A and not to the entire District. Additionally, in discussing this request, the Court notes that the Clerk's Office indicates that some of the responsive documents requested by Defendant are duplicative to earlier requests. To the extent that any documents responsive to this request have already been produced, reproduction in response to this request is not necessary.

7. <u>Requests Seven and Eight – Written Instruction as provided by the Court as described in the Jury Selection Plan and written instruction specifying the Process of Creating the Master Jury Wheel used by the Clerk or any Vendor</u>

This request is **DENIED**. There are no documents responsive to Defendant's request. The Clerk's Office indicates that the only documents relevant to vendors are confidentiality agreements, which the Court finds are not relevant to Defendant's challenge and, thus, need not be produced.

8. <u>Request Nine – Procedures for Juror Qualifications and Summons</u>

This request is **GRANTED IN PART AND DENIED AS MOOT IN PART**. The Clerk's Office indicates that much of the information requested by Defendant is outlined in the Jury Selection Plan. Additionally, based upon the scope of the potential challenge as previously discussed and set out on the record, many of the documents that are

responsive to this request have already been made available to Defendant for review and are available for inspection, upon request, at the courthouse in Greenville, South Carolina. The Clerk's Office will provide any clarification or explanation of procedures not already provided in these responsive documents as necessary.

9. <u>Requests Ten and Seventeen – Description of Panel Process and Randomized Reduction Worksheet</u>

These requests are **GRANTED IN PART AND DENIED IN PART**. The Court finds that Defendant's request for information related to enlarging panels is not relevant to his challenge and accordingly shall not be produced. The Court further finds that, to the extent appropriate, this request may be answered by interrogatory response describing the subject process. Additionally, to the extent that responsive documents have already been produced, reproduction is not necessary. As outlined above, production of documents or data in response to Defendant's requests is limited to those that have been prepared for this case. Accordingly, Defendant's request for the randomized reduction worksheet is granted only for the worksheet created in relation to the jury panel in this case.

10. <u>Request Eleven and Twelve – Document or Data Related to When Juror were Summoned in this Action and Document or Data Detailing Number of Person Summed in this Case</u>

These requests are **GRANTED**. To the extent that responsive documents have already been produced with relation to other requests, reproduction is not necessary.

11. <u>Requests Thirteen, Fourteen, Fifteen, Sixteen, and Eighteen – Requests Related to Jury Wheel Data</u>

These requests are **GRANTED IN PART AND DENIED IN PART**. As outlined above, information related to raw data is within the control of certain political subdivisions of the state. To the extent, Defendant seeks such data, his request is denied. Additionally, for the reasons outlined above, to the extent Defendant seeks information outside of Area A or beyond the scope of jury selection as related to the panel pulled in his case, these requests are denied. Specifically, to the extent that Defendant seeks information related to Master Jury Wheels or Qualified Wheels outside of the applicable wheels in his case (the 2025 Wheels), these requests are denied. Additionally, to the extent that any of this information has been produced in response to a preceding request, it need not be reproduced in response to this request.

The Court further notes it has serious concerns related to the confidential information requested by and included in many of the responsive documents requested by Defendant. Where possible, jurors appearing on responsive documents will only be identified by their juror number. All names, addresses, and other personal identifying information produced in response to Defendant's requests are produced solely for the purpose of this Motion. The Parties are directed to take all reasonable precautions to protect this information and keep it confidential. To the extent that any particular juror is identified by the Parties in subsequent filings or on the record, these individuals shall be identified solely by juror number unless further disclosure is approved by the Court in a separate order.

The Government may access the same information being made available to Defendant, subject to the same constraints and limitations. Nothing in this Order is intended to forbid, or shall be construed as forbidding, Defendant from requesting additional information concerning the jury selection process upon written motion setting forth with particularity that the information provided herein is insufficient to challenge the jury selection processes utilized in this case. However, Defendant is cautioned that "[a]n untimely assertion that counsel wants more data does not automatically entitle the litigant to another round of records." *United States v. Buckner*, 830 F.2d 102, 104 (7th Cir. 1987). Accordingly, any follow up request that Defendant may wish to bring should be filed in a prompt and timely manner, should reflect that Defendant has thoroughly reviewed and exhausted the information provided pursuant to this Order, and should specific both the particular shortcomings in the data and records provided and how the particular supplemental information requested is reasonably expected to remedy those shortcomings.

### IV. CONCLUSION

For the reasons above, Defendant's Motion [128, 137] is **GRANTED IN PART AND DENIED IN PART** as set forth herein. The requested information shall be produced by January 8, 2026.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 23, 2025
Spartanburg, South Carolina